# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**BETTY CAITLIN NICOLE SMITH,**

    **Plaintiff,**

vs.          Case No. 4:17cv110-MW/CAS

**JUDGE ANDREW DECKER, III,**
**and MONICA TAIBL,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's financial affidavit demonstrates good cause, ECF No. 2, and the motion is granted.

Plaintiff's complaint has been reviewed to determine whether it states a plausible claim such that service should be directed. Plaintiff's complaint is brought against Monica Taible, an attorney, and Andrew Decker, a state court judge. ECF No. 1. At issue is Plaintiff's challenge to actions taken by Monica Taibl in representing her client, Zachary Daniel, who appears to be

Plaintiff's estranged spouse. Plaintiff also challenges orders entered by Judge Decker and the lack of a ruling on a motion filed on January 27, 2017. ECF No. 1 at 7-8.

At the heart of Plaintiff's complaint is a dispute concerning a pending petition for dissolution of marriage and interrelated issues about visitation with a minor child and "violence protection orders" apparently issued from a state court judge in Kentucky. *Id.* As relief, Plaintiff seeks monetary damages and an injunction requiring Judge Decker "to uphold Federal Law" and give full faith and credit to "Violence Protection Orders . . . ." *Id.* at 10.

Federal courts traditionally refrain "from exercising authority over matters broadly described as 'domestic relations.'" U.S. v. Kegel, 916 F. Supp. 1233, 1235 (M.D. Fla., 1996) (citing Barber v. Barber,[1] 62 U.S. (21 How.) 582, 584, 16 L. Ed. 226 (1858); Simms v. Simms, 175 U.S. 162, 20 S. Ct. 58, 44 L. Ed. 115 (1898)). It has been well established for over 150 years that federal courts lack jurisdiction to hear cases concerning divorce, alimony, or child custody cases. Ankenbrandt v. Richards, 504 U.S. 689,

---

[1] In Barber, the wife (who lived in New York) filed a federal suit in Wisconsin against her husband, who lived in Wisconsin, seeking to enforce a New York state court decree concerning alimony. 62 U.S. at 584.

703, 112 S. Ct. 2206, 2215, 119 L. Ed. 2d 468 (1992) (concluding "that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees."); *see also* Barber v. Barber, 62 U.S. 582, 584, 16 L. Ed. 226 (1858) (stating "[w]e disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony"). In In re Burrus, 136 U.S. 586, 594, 10 S. Ct. 850, 853, 34 L. Ed. 500 (1890), the issue was a child-custody dispute in which the father sought to have the child removed from her grandparents care and given to him. When the grandfather refused to give up the child, he was arrested and taken to jail. The grandfather sought habeas relief and claimed he was illegally imprisoned because the father was wrongfully given custody. The Supreme Court held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Burrus, 136 U.S. at 593-594.

Plaintiff's claims center around state court proceedings on an apparently still pending petition for dissolution of marriage. Those are matters to be determined in state court. "As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal

courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony, and child custody decrees." Ankenbrandt, 504 U.S. at 704, 112 S. Ct. at 2215.

Additionally, this Court lacks authority to modify, vacate, or overrule orders entered by a state court judge. This Court does not sit as an appellate court. The proper method to challenge an order from state court is to file an appeal with the appropriate Florida District Court of Appeal. This Court, however, does not have jurisdiction to review such orders.

Finally, even if this Court had jurisdiction over Plaintiff's claims, the abstention doctrine would require this Court to "withhold equitable relief to avoid interference with state proceedings." 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (citing New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359, 109 S.Ct. 2506, 2513, 105 L.Ed.2d 298 (1989)). Where state judicial proceedings are ongoing and implicate important state interests and a litigant has "an adequate opportunity in the state proceedings to raise constitutional challenges," federal courts should abstain from interfering in pending state judicial proceedings. Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457

U.S. 423, 432, 102 S. Ct. 2515, 2521, 73 L. Ed. 2d 116 (1982).  Plaintiff seeks relief in this Court which would interfere with the pending state court case and place "decisions that are now in the hands of the state courts under the direction of the federal district court."  <u>31 Foster Children</u>, 329 F.3d at 1278.  This Court lacks authority to review or control the decisions which are entrusted to state court judges presiding over family law matters.  Plaintiff's complaint, ECF No. 1, should be dismissed.

Accordingly, it is **ORDERED** that Plaintiff's motion requesting leave to proceed in forma pauperis, ECF No. 2, is **GRANTED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** for all the reasons explained above that Plaintiff's complaint, ECF No. 1, be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 17, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R.**

**Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2).** <u>**Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.**</u> **If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**